**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

DALE BRADY,

Plaintiff,

v. No. 2:26-cv-1568 MLG/DLM

MICHAEL SPARKUHL,

Defendant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

Since the removal of this action to federal court, pro se Plaintiff Dale Brady has failed to properly serve Defendant Michael Sparkuhl, failed to respond to two Orders to Show Cause, and otherwise failed to prosecute this case. Accordingly, for the reasons discussed below, the undersigned recommends that the Court dismiss this action without prejudice.

## I. Background

Plaintiff filed this action in state court on April 14, 2026. (Docs. 1 ¶ 2; 1-1 at 1.) Defendant removed the case on May 15, 2026. (Doc. 1.) In the Notice of Removal, Defendant stated that he had not been served but had "received a copy of the initial pleading through other means on or around April 16, 2026." (*Id.* ¶¶ 5–6.)

On May 28, 2026, the Court ordered Plaintiff to complete service of process no later than August 13, 2026. (Doc. 5 at 3.) Plaintiff failed to comply. The Court then issued an Order to Show Cause regarding Plaintiff's failure to comply with the service Order. (Doc. 6.) Plaintiff did not respond to the Order to Show Cause.

On September 21, 2026, the Court entered a Second Order to Show Cause directing Plaintiff to explain why this action should not be dismissed for "failure to prosecute and failure to comply with Court orders." (Doc. 8 at 2.) The Court noted that Plaintiff had failed to comply with

its May 28, 2026 Order requiring service by August 13, 2026, and had failed to respond to the Court's August 21, 2026 Order to Show Cause regarding that deficiency. (*Id.* at 1–2.) The Court also reminded Plaintiff that, notwithstanding his pro se status, he remained responsible for complying with applicable rules and court orders and for prosecuting the action, including effecting service on Defendant. (*Id.* at 1–2.) Plaintiff was again ordered to show cause, no later than October 5, 2026, why this action should not be dismissed for failure to prosecute and failure to comply with Court orders. (*Id.* at 2.) The Court warned Plaintiff that "[f]ailure to timely show cause may result in dismissal of this case." (*Id.*) Plaintiff did not file a response by the deadline or at any time thereafter.

## II. Analysis

Dismissal is warranted based on Plaintiff's failure to serve Defendant, failure to prosecute this action, and failure to comply with Court orders. Although the Court liberally construes pro se filings, a litigant's "*pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil . . . Procedure." *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

### A. Failure to Serve

Federal Rule of Civil Procedure 4(m) provides, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*

Plaintiff did not serve Defendant within Rule 4(m)'s 90-day period and has not effected service at any time since this action was filed. Plaintiff also failed to comply with the Court's May

28, 2026 Order requiring service by August 13, 2026. After Plaintiff failed to comply with that Order, the Court issued an Order to Show Cause directing Plaintiff to explain his noncompliance. Plaintiff did not respond. The Court subsequently issued a Second Order to Show Cause directing Plaintiff to show cause why the case should not be dismissed for failure to prosecute and failure to comply with Court orders. Plaintiff again failed to respond. The Court expressly warned Plaintiff that failure to timely show cause could result in dismissal of the action. Plaintiff nevertheless filed no response and made no attempt to effect service. Plaintiff has not shown good cause for his failure to effect service. Despite receiving two opportunities to explain his noncompliance, Plaintiff did not respond to either Order to Show Cause and has made no filing addressing service. Under these circumstances, dismissal without prejudice is required. *See id.*

**B. Failure to Prosecute and Comply with Court Orders**

Rule 41(b) authorizes dismissal when a plaintiff fails to prosecute or comply with the Federal Rules or court orders. *See* Fed. R. Civ. P. 41(b). Although the Rule contemplates a motion by the defendant, it "has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute . . . ." *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

The District of New Mexico local rules likewise provide that "[a] civil action may be dismissed if, for a period of ninety (90) days, no steps are taken to move the case forward." D.N.M. LR-Civ. 41.1.

Because dismissal here is without prejudice, the Court need not apply the *Ehrenhaus* factors,[1] and "may, without abusing its discretion, enter such an order without attention to any

[1] *Ehrenhaus* sets out the considerations a court must weigh before dismissing a case with prejudice as a sanction, including prejudice to the defendant, interference with the judicial process, the litigant's culpability, prior warnings, and the availability of lesser sanctions. *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (citations omitted).

particular procedures." *AdvantEdge Bus. Group v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) (quoting *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007)) (internal quotations omitted).

Here, Plaintiff has taken no action to prosecute this case since its removal. Plaintiff failed to serve Defendant, failed to comply with the Court's May 28, 2026 service Order, failed to respond to the August 21, 2026 Order to Show Cause, and failed to respond to the September 21, 2026 Second Order to Show Cause despite being expressly warned that dismissal could result. Under these circumstances, dismissal without prejudice is warranted.

## III. Conclusion

For the foregoing reasons, the undersigned **RECOMMENDS** the Court **DISMISS** this case **WITHOUT PREJUDICE** for failure to serve Defendant, failure to prosecute, and failure to comply with Court orders.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE